# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE
CURTIS W. CANNON, BAR NO. 10535.

No. 73723

FILED

SEP 19 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER IMPOSING TEMPORARY SUSPENSION UNDER SCR 111*

The State Bar has filed a petition under SCR 111 to inform this court that attorney Curtis Cannon has been convicted of voluntary sexual conduct between a prisoner and another person, a category D felony in violation of NRS 212.187. Cannon did not self-report the conviction to the State Bar as required by SCR 111(2).[1] Because the conviction is for a felony offense, it is a "serious" crime as defined in SCR 111(6). As such, SCR 111(7) and (8) normally would require that we temporarily suspend Cannon and refer him to a disciplinary board for a hearing to determine the extent of the discipline to be imposed, if any. Cannon, however, was transferred to disability inactive status under SCR 117 in 2014 and, therefore, currently

---

[1]Cannon was required to report the matter to the State Bar within 30 days after his "conviction," which pursuant to SCR 111(1) includes entry of a guilty plea, regardless of whether the final judgment of conviction has been entered. SCR 111(2).

17-31643

is prohibited from practicing law.[2]  *In re Disability of Cannon*, Docket No. 62540 (Orders of Transfer to Disability Inactive Status, September 24, 2014 and February 6, 2015).  Where, as here, "an attorney convicted of a crime is at that time prohibited from practicing due to a . . . transfer to disability inactive status under Rule 117," this court has authority to "enter an appropriate order directing how the conviction shall be addressed."  SCR 111(11).

We conclude that a referral to a disciplinary board is unnecessary because the conduct underlying the conviction appears to have been the subject of a grievance that was filed against Cannon before he was transferred to disability inactive status.  The disciplinary proceedings as to that grievance, and several others filed against Cannon, were stayed pursuant to SCR 117.  The conviction therefore may be addressed in the context of the pending disciplinary proceedings should they be resumed upon Cannon's reinstatement to active status, as provided in SCR 117(4).[3]  But, given the nature of the criminal conviction and its connection to Cannon's practice of the law, we are convinced that a temporary suspension

---

[2]In addition to the transfer to disability inactive status, Cannon has been administratively suspended from the practice of law in Nevada pursuant to SCR 212 since December 2012 based on his failure to complete continuing legal education requirements.  *In re Application of Bd. of Continuing Legal Educ.*, Docket No. 61517 (Order Dismissing Petition as to Certain Respondent Attorneys and Granting Petition as to Certain Respondent Attorneys, December 28, 2012).

[3]A hearing panel also may consider whether the conviction is relevant to any petition for reinstatement to active status that Cannon files under SCR 117(4).

under SCR 111 is warranted to ensure that Cannon cannot resume the active practice of the law until a disciplinary panel and this court have the opportunity to consider the appropriate discipline, if any, as a result of his criminal conviction. Accordingly, we temporarily suspend attorney Curtis W. Cannon pursuant to SCR 111 from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[4]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Chair, Southern Nevada Disciplinary Board
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Curtis W. Cannon
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

---

[4]This is our final disposition of this matter.